[No. 4099.   Decided March 10, 1902.]

L. F. YOUNG, *Respondent*, v. GEORGE PORTER *et ux.*, *Appellants.*

SPECIFIC PERFORMANCE — SUFFICIENCY OF COMPLAINT.

The complaint in an action for specific performance states a cause of action when it alleges that defendant agreed to purchase and pay for a pottery plant with the land and personal property connected therewith, taking the deed in his own name and holding a one-half interest therein as trustee for plaintiff, under an agreement to convey a one-half interest therein to plaintiff upon the latter's payment of one-half of the purchase price, and that plaintiff has tendered his share of the purchase price, but that defendant refuses either to receive same or to make said conveyance. Such complaint is not open to the objection that it discloses a contest over partnership property for which the proper action would be one of dissolution and accounting.

SAME — COMMUNITY PROPERTY — ESTOPPEL OF WIFE.

When the husband has customarily conducted all the community property business of himself and wife, and the wife knew of a contract between her husband and plaintiff regarding her husband's purchasing certain property in his own name in

trust for plaintiff, such contract is enforcible against the wife, although she was not a party thereto..

Appeal from Superior Court, King County.—Hon. BOYD J. TALLMAN, Judge. Affirmed.

*W. E. Humphrey,* for appellants.

*I. B. Knickerbocker* and *Root, Palmer & Brown,* for respondent.

The opinion of the court was delivered by

DUNBAR. J.—This is an action by the respondent Young, against the appellants George Porter and L. G. Porter, husband and wife, to compel them to execute a deed for an undivided one-half interest in certain real estate and personal property; the property being a pottery plant, the land to which the plant is attached, and the personal property being property which is incident to and connected with the plant. The court found, among other things, that on or about the 1st day of January, 1898, the plaintiff and defendant George Porter entered into an oral agreement by the terms of which Porter was to purchase a certain pottery plant situated in Auburn, state of Washington, consisting of two acres, and all of said personal property then situated upon said two acres; said purchase to be made for about the sum of $1,000, and said purchase to be made for the benefit of the plaintiff and defendants in equal interest; plaintiff to be the owner of an undivided one-half interest, and defendant an undivided one-half interest. The agreement was that, upon the said purchase being made, said George Porter was to take a deed of conveyance in his name, and to hold plaintiff's one-half interest in trust for plaintiff; that $200 would be paid in cash, and the balance to be secured by notes given by said Porter, payable in two years from the

date of said purchase. It was further agreed that plaintiff should furnish one-half of the $200 cash payment and the defendants the other half, and that when the notes should become due plaintiff should furnish one-half of the amount due on said notes and the defendants the other half, and that upon the payment to said Porter by said plaintiff of his one-half of said amount said defendant Porter was to execute and deliver to plaintiff a good and sufficient deed of conveyance of an undivided one-half interest in and to all of said property, both real and personal; that in pursuance of said agreement the plaintiff delivered to Porter $100 as the one-half of the $200 payment which Porter had theretofore made; that Porter, in pursuance of the agreement, purchased the plant and all the property described, paid therefor $1,000,—$200 in cash (said money being the community property of the defendants herein) and the balance by notes signed by said Porter, payable two years after date,—and all done pursuant to said agreement between plaintiff and said defendant; that Porter took a deed of conveyance executed in his name, and had the same duly recorded in the proper office; that on the 19th day of January, 1898, plaintiff and defendant went into possession of said property, and continued to occupy and enjoy the same jointly, and that in the meantime plaintiff made improvements upon said property by repairing buildings and pottery-making apparatus, and was continually working thereon, until the 29th day of July, 1898, when they jointly, together with plaintiff's wife, executed and delivered a lease of the same for the period of one year at a rental reserved of $96, which rental was collected by the defendants, and appropriated to their own use, and never accounted for, in whole or in part, to plaintiff; that when the promissory notes aforesaid became due

plaintiff tendered to Porter one-half the total amount due, said tender being in good and lawful money of the United States of America, and demanded of defendant the execution of the deed of conveyance in accordance with the terms of the contract; that the defendant refused to execute said deed, and still refuses to do so; that the plaintiff has at all times since the 15th day of January, 1900, been able, ready, and willing to pay to defendants the full amount, which, under the agreement, he promised to pay, and has been able, ready, and willing to fulfill every part of the agreement incumbent upon him to fulfill; and upon the trial of this action the plaintiff brought into court and deposited with the clerk of the court the sum of $420 as a tender to said defendants, and authorized the court, in case of its non-acceptance by the defendants, to apply the same, or as much as should be found due to the defendants, to the payment and satisfaction of whatever amount the court should find due from plaintiff to defendants by reason of said contract upon the presentation in the court of a good and sufficient deed from defendants to plaintiff of the property hereinbefore referred to; that no demand for payment was ever made upon defendant L. G. Porter. As conclusions of law the court found that plaintiff, having fully complied with the terms of his agreement, was entitled to a deed from defendant of an undivided one-half interest in and to all of said property; that defendants were entitled, upon the execution and delivery of a good and sufficient deed of said premises, to the sum of $371.32; that plaintiff was entitled to a decree directing and requiring defendant George Porter to forthwith execute to plaintiff a good and sufficient deed to all of said property, and to have said deed delivered into the registry of the court in exchange for the sum of $371.32; and de-

creed that, in case said defendants refused to make, execute, and deliver such deed of conveyance, a commissioner be appointed by the court to make, execute, and deliver such a deed of conveyance to plaintiff. The findings of fact and conclusions of law were excepted to by defendants. A perusal of the record in the case satisfies us that the findings of fact were substantially correct, and we think the conclusions of law were justified by such findings. A demurrer was interposed to the complaint, which was overruled, and it is insisted by the appellants that the court erred in that respect, and that the complaint does not state a cause of action, for the reason that it shows that the property described therein was partnership property, and that a suit for specific performance for the conveyance of an undivided one-half interest in the property could not be maintained, but that the action should be one for the dissolution and settlement of the partnership. We think that the complaint was sufficient. There is no allegation of partnership property; and the statements made in the complaint, which are simply statements of the facts showing the contract which was entered into between the respondent and appellants, will not justify the conclusion that the controversy is over partnership property. Neither was there any contention at the trial that the property was partnership property; on the contrary, the appellant George Porter testified positively that it was not. An action for specific performance is nothing more nor less than an action to compel a party to do what he has agreed to do. If the statements of the complaint are true,—and they have been found by the court to be substantially true,—the defendant George Porter agreed to purchase this property, pay for it, take a deed in his own name, and hold a one-half interest in his name as a trustee for the respondent;

and when the respondent tendered to him the amount due him under the agreement; and he refused to deed him the property which he had agreed to deed him, and which he was holding in trust for him, the action would lie. In fact, it is about the only action that could properly have been brought under the circumstances alleged in the complaint and found by the court to be true.

So far as the personal property was concerned, it was simply an incident of the real estate; and, while the wife was not a party to the original agreement, the finding of the court is to the effect that it was at all times customary for the husband to personally conduct all community business of himself and wife. This he had a right to do, under the law, so far as the personal property was concerned; and it was personal property which, under the agreement with the respondent, was invested in this pottery plant. She also knew of the position occupied by the respondent in relation to the property, for she joined with the respondent and her husband in the lease of the property. Other testimony in the case shows conclusively that she was cognizant of, and in effect consented to, the whole transaction. We think the tender was sufficient.

There being no error by the court, either in the conduct of the case or in the findings of fact and conclusions of law, the judgment will be affirmed.

REAVIS, C. J., and HADLEY, WHITE, ANDERS, MOUNT and FULLERTON, JJ., concur.